IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTUAN LENIERE JONES, JR., )<br>)<br>　　　　Plaintiff, )<br>)<br>　-vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>　　　　Defendant. ) | Civil Action No.  20-891 |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 12 and 16).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 17).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

## I.  **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act.  Plaintiff filed an application alleging he became disabled on September 1, 2011. On March 28, 2014, Administrative Law Judge ("ALJ"), Guy Koster, issued a decision finding that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 20-40). Plaintiff filed an action in this court seeking review of that decision.  On February 25, 2016, Judge Terrence F. McVerry issued an opinion and order granting Plaintiff's Motion for Summary Judgment and remanded the case for further proceedings.  (ECF No. 8-12, pp. 7-33).

1

On remand, ALJ David F. Brash held a hearing on July 5, 2016. (ECF No. 8-24). On April 26, 2017, the ALJ Brash found that Plaintiff was not disabled under the Act. (ECF No. 8-19, pp. 5-32). Plaintiff filed an action in this court again seeking review of that decision. On September 12, 2019, I issued an opinion and order granting Plaintiff's Motion for Summary Judgment and remanded the case, again, for further proceedings. (ECF No. 8-19, pp. 38-47).

On remand, ALJ Brash held a hearing on October 9, 2019, and issued an opinion February 19, 2020, finding that Plaintiff was not disabled prior to October 21, 2012, the date he attained age 18, nor was Plaintiff disabled thereafter through the date of the opinion. (ECF No. 8-18, pp. 5-38). After exhausting all administrative remedies, Plaintiff, again, filed an action in this court seeking a review of this decision. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 16). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190-91 (3d Cir. 1986)*; Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the

factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382c(a)(3).   The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is doing substantial gainful activity; (2) if not, whether he or she has a medically determinable severe impairment; (3) if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. §416.924.   An impairment functionally equals a listed impairment if the child has "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. §416.926(a). The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(iv).   When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether your impairment(s) affect your functioning and whether your activities are typical of other children your age who do not have impairments": What activities are you able to perform; What activities are you not able to perform; Which of your activities are limited or restricted compared to other children your age who do not have impairments; Where do you have difficulty with your activities – at home, in childcare, at school, or in the community; Do you have difficulty independently initiating, sustaining, or completing

activities; and What kind of help do you need to do your activities, how much help do you need, and how often do you need it. 20 C.F.R. § 416.926a(b)(2)(i)-(vi).

In this case, the ALJ found that Plaintiff was not disabled prior to October 21, 2012, the date he attained age 18. (ECF No. 8-18, p. 38).

To be eligible for social security benefits after attaining the age of 18, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

In such instances, the Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

In this case, the ALJ found that Plaintiff was not disabled on or after October 21, 2012, the date he attained age 18.  (ECF No. 8-18, p. 38).

### B.     Residual Functional Capacity (RFC)[1]  and Opinion Evidence

Plaintiff asserts that the "ALJ's ultimate RFC finding is based upon unsupported lay opinion, and therefore lacks substantial evidence."  (ECF No. 13, pp. 12-17).  To that end, Plaintiff argues that the RFC was not based on medical expert opinion, but rather his lay interpretation of the record.  Id.  Therefore, Plaintiff submits that remand is warranted.  Id. After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." Id. §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.  Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor.  20 C.F.R. §§404.1527, 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).   Here, the ALJ found that since attaining the age of 18, Plaintiff has an RFC to perform a full range of work at all exertional level but with non-exertional limitations.   (ECF No. 8-18, p. 27).

5

techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that after "rejecting" the opinions of record, the ALJ improperly crafted his RFC based on his lay determination of Plaintiff's impairments. (ECF No. 13, p. 17). I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v.*

6

*Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986).   This, however, it is not a requirement.  *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015).   Rather, an ALJ is charged with formulating the RFC based on *all* of the relevant evidence, medical evidence or otherwise. 20 C.F.R. § 416.945(a).

Moreover, a review of the record in this case reveals that the ALJ did not reject all of the opinion evidence.   While it is true that ALJ gave "little weight" to the 2014 opinion of Dr. Khan, the ALJ gave partial weight to the opinions of Drs. Diorio and Smith. (ECF No. 8-18, pp. 35-36). Contrary to Plaintiff's assertions, partial weight is not the same as rejecting all medical opinion evidence.   Along those same lines, simply because an ALJ does not give great or significant weight to any one particular medical opinion does not mean the ALJ's opinion is not based on the medical opinion evidence.

Furthermore, the ALJ weighed the medical opinions of this case setting forth, in detail and at length, the reasons for the weight given to each.   (ECF No. 8-18, pp. 5-38).   The reasons include, *inter alia,* internal inconsistency, inconsistency with treating records, inconsistency with activities of daily living, inconsistency with Plaintiff's work history, and inconsistency with other evidence of record.   These are all valid and acceptable reasons for discounting evidence.  *See,* 20 C.F.R. §§404.1527; 416.927.

Additionally, in formulating the RFC, the ALJ also considered other evidence of record including, *inter alia,* Plaintiff's testimony, medical records, marijuana use, activities of daily living, his education, and his work history. All of these matters are appropriate for consideration in formulating an RFC.   In so doing, the ALJ comprehensively set forth the evidence of record. (ECF No. 8-18, pp. 5-38).   After a review of the record as a whole, I find the ALJ's RFC is

7

supported by substantial evidence[2] and is adequately explained such that I am able to make a meaningful review.  *Id.*     Therefore, I find no error in this regard.

Plaintiff additionally argues that the ALJ's failure to mention the opinion of Dr. Hassan (that Plaintiff would miss two days per month) warrants remand.  (ECF No. 13, pp. 17-20).   After a review, I disagree.   The report at issue is a check box medical inquiry form completed by Dr. Hassan for Plaintiff's prior employer, Environment Srvs.  (ECF No. 18-26, pp. 104-105).   The ALJ did not discuss the report of Dr. Hassan wherein he stated that Plaintiff would miss two days per month.  *See,* ECF No. 8-18, pp. 5-38.   Nonetheless, the ALJ did consider and discuss Plaintiff's ability to maintain attendance in relation to Dr. Smith's opinion, which was contained within the same treatment records from Western Psychiatric Clinic.   (ECF No. 8-26, pp. 95-105)

> Dr. Smith's opinions with respect to the claimant (sic) serious problems with maintaining attendance is not supported by the claimant's completion of 6-week training program where he had perfect attendance and punctuality or with his work experience with the same employer for over a year (Exhibit 15F/123).  As noted above, the claimant had difficulty when he first started this job.  He was written up three times within the first 3 months.   However, he continued to work and had a period of 9 months without being written up and he told his therapist the job was going okay.  It is noted that he was written up one more time for not stacking garbage appropriately, but by that point the claimant had increased his mental demands by going back to school part-time, in addition to working full time.   Even so, the claimant was not terminated and instead he decided to quit that job.

---

[2] To support his position that the ALJ improperly crafted his RFC, Plaintiff appears to also argue that his treatment notes demonstrate a "vacillation" rather than a steady improvement.   (ECF No. 13, pp. 12-17). To be clear, the standard is not whether there is evidence to establish Plaintiff's position.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance.  *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971).   If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.   *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016).   Thus, the question before me is whether substantial evidence supports the ALJ's findings.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Therefore, Plaintiff's argument in this regard is misplaced.

(ECF No. 8-18, p. 36).  Thus, I find the ALJ addressed the issue of Plaintiff's ability to maintain attendance sufficiently and rejected it.  *Id.*  Consequently, I find the duplicative nature of the evidence raised by Plaintiff (that he would miss two days per month) would not have altered the ALJ's opinion.  *See, McGraw v. Comm. Of Soc. Sec.*, 609 F. App'x 113, 116 (3d Cir. 2015) (failure to discuss a doctor's report is harmless where it was considered cumulative evidence "and the report therefore added nothing that the ALJ had not already taken into account.").  Simply put, it would be an exercise in futility to remand on this issue.  Therefore, I find remand is not warranted.[3]

An appropriate order shall follow.

---

[3] I note that the form completed by Dr. Hassan specifically asked him to complete the form as it relates to Plaintiff's ability to perform the job "listed in the attached job description."  *Id.* at pp. 104, 105.  In contrast, an ALJ is to determine if Plaintiff can perform work in substantial numbers in the national economy, not in relation to a particular job.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTUAN LENIERE JONES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   20-891 |
| ) | |
| ANDREW M. SAUL, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 10th day of June, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

_/s/ Donetta F. Ambrose_

Donetta W. Ambrose
United States Senior District Judge

10